IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARKELVIN L. MCHENRY                                            PETITIONER

v.                    NO. 4:25-cv-00617-BSM-PSH

FEDERAL BUREAU OF PRISONS                                        RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

<u>Introduction</u>. In this case, filed pursuant to 28 U.S.C. 2241, petitioner Markelvin L. McHenry ("McHenry") challenges the way his sentence in <u>United States v. McHenry</u>, No. 5:21-cr-00013-RWS-JBB-2, ("federal sentence") is being administered by respondent Federal Bureau of Prisons ("BOP"). He maintains that the BOP is failing to follow the doctrine of primary custody. Were the BOP following the doctrine, according to McHenry, his federal sentence would be deemed to have begun on the day it was imposed because he was in exclusive federal custody on that day. Liberally construing McHenry's petition, he appears to seek either an order requiring him to be taken into federal custody and designated to a federal facility or an order that the BOP retroactively designate the Arkansas Division of Correction ("ADC") as the location for service of his federal sentence. He additionally asks that he be given credit against his federal sentence for the time he spent in custody prior to his sentencing. It is recommended that this case be dismissed without prejudice because it is premature. McHenry failed to exhaust his administrative remedies before coming to federal court. He must do so, and can only do so, after he enters the custody of the BOP, and a sentence computation is performed.

Prior State and Federal Proceedings and This Case. The record in this case reflects that on July 23, 2020, the Miller County, Arkansas, Circuit Court ("Miller County") issued two bench warrants for McHenry's arrest after he failed to appear for cases 46CR-17-62 and 46CR-18-629. See Docket Entry 11, Exhibit 1 at CM/ECF 1-4. The warrants were still outstanding when, on March 22, 2021, he was arrested and detained by Bowie County, Texas, authorities on other charges ("Texas charges"). See Docket Entry 1 at CM/ECF 19; Docket Entry 13 at CM/ECF 4.

On April 22, 2021, McHenry was indicted in the United States District Court for the Eastern District of Texas. See United States v. McHenry, No. 5:21-cr-00013-RWS-JBB-2. Bowie County, Texas, authorities transferred him to federal custody on May 5, 2021, pursuant to a writ of habeas corpus ad prosequendum, and the Texas charges were subsequently dismissed. See Docket Entry 11, Exhibit 2; Docket Entry 13 at CM/ECF 4.

McHenry eventually pleaded guilty in 5:21-cr-00013-RWS-JBB-2. See Docket Entry 1 at CM/ECF 21. On February 16, 2022, he was sentenced to a total term of 165 months imprisonment in the custody of the BOP. See Docket Entry 1 at CM/ECF 22. The term of imprisonment was ordered to run consecutive to any future imprisonment imposed in, among other cases, the Miller County cases. See Docket Entry 1 at CM/ECF 22.

On May 16, 2022, McHenry was returned to Bowie County, Texas, authorities pursuant to the writ of habeas corpus ad prosequendum. See Docket Entry 11 at CM/ECF 2; Docket Entry 11, Exhibit 2; Docket Entry 13 at CM/ECF 4. He was then served with the bench warrants and taken into custody by Miller County authorities. See Docket Entry 11, Exhibit 1.

On August 2, 2022, McHenry pleaded guilty in the Miller County cases and was sentenced to the custody of the ADC. See Docket Entry 1 at CM/ECF 29-37. He entered the custody of the ADC at that point and began serving, and continues to serve, his Miller County sentence.

McHenry thereafter filed the case at bar. Although he is currently in the custody of the ADC, he challenged the way his federal sentence is being administered. He maintained that the BOP is failing to follow the doctrine of primary custody. Were the BOP following the doctrine, his federal sentence would be deemed to have begun on the day it was imposed because he was in exclusive federal custody on that day. McHenry appeared to seek either an order requiring him to be taken into federal custody and designated to a federal facility or an order that the BOP retroactively designate the ADC as the location for service of his federal sentence. He additionally asked that he be given credit against his federal sentence for the time he spent in custody prior to his sentencing.

The BOP maintained in response that McHenry's petition warranted no relief for two reasons. First, he failed to exhaust his administrative remedies before coming to federal court. Second, he is entitled to no relief because he has not shown that he was in exclusive federal custody on the day the federal sentence was imposed.

McHenry acknowledged in reply that he did not exhaust his administrative remedies before coming to federal court. He maintained, though, that his failure to do so should be excused. He maintained that he attempted to exhaust his remedies but had no success in even initiating the federal administrative process because he is currently in the custody of the ADC and has no way of accessing the federal process. With respect to the BOP's second assertion, i.e., McHenry has not shown that he was in exclusive federal custody on the day the federal sentence was imposed, he alleged that he was indeed in exclusive federal custody on that day. In support of his position, he alleged, in part, the following:

> ... Petitioner was taken into secondary custody on May 5, 2021, on a writ of habeas corpus ad prosequendum. However, during the time he was in secondary custody of federal authorities, the State of Texas dismissed their charges. Secondary custody was obtained from Bowie County, Texas, who exercised primary custody over the petitioner. Petitioner was to be returned to Bowie County, Texas, upon completion and resolution of his federal case in the Eastern District of Texas.

5

> When the State of Texas dismissed their charges against the petitioner, they automatically relinquished primary custody to federal authorities. Primary custody did not somehow magically transfer to the State of Arkansas. ...
>
> ...
>
> Because petitioner was in primary federal custody at the time of his sentencing in federal court due to the State of Texas dismissing his charges, his federal sentence commenced on that date. ...

See Docket Entry 13 at CM/ECF 4-6. McHenry provided additional clarification of his position by noting the following:

> Petitioner is not challenging that his primary custody status changed because of him being taken into custody under the jurisdiction of a writ of habeas corpus ad prosequendum. Rather, he is challenging that his primary custody status changed due to the State of Texas dismissing its charges while the petitioner was in secondary federal custody, thereby rendering the habeas corpus ad prosequendum unnecessary and invalid, resulting in the petitioner automatically being under the primary custody of the U.S. Marshal Service and federal authorities.

See Docket Entry 13 at CM/ECF 7.

The undersigned reviewed the parties' pleading and exhibits, particularly with respect to the exhaustion issue. The undersigned determined that an additional response from the parties would be beneficial on two questions, both of which the parties have now addressed:

6

First, is this case premature? Specifically, if it is only after McHenry enters federal custody that the BOP will compute the time remaining on his federal sentence, including determining whether to designate the ADC as the location for the concurrent service of his sentence and whether to give him credit for the time he spent in custody prior to his sentencing. In addition, the undersigned desired to know whether the challenges he makes in the case at bar present "controversies" or are otherwise mature.

Second, notwithstanding the foregoing, is there a BOP administrative remedy currently available to McHenry? If so, how he might gain access to the remedy.

Analysis. The undersigned has thoroughly reviewed the parties' pleadings and exhibits. Having done so, the undersigned finds that this case should be dismissed without prejudice. The undesigned so finds for the following reason.

Generally, a prisoner must exhaust his administrative remedies before seeking habeas relief under 28 U.S.C. 2241. See Orasco v. Yates, No. 2:22-cv-00156-BSM-ERE, 2002 WL 18027627 (E.D. Ark. Dec. 12, 2022), report and recommendation adopted, No. 2:22-cv-00156-BSM, 2022 WL 18027631 (E.D. Ark. Dec. 30, 2022). The purposes of the requirement, and the steps the prisoner must take, are as follows:

7

> ... Although this judicially created exhaustion requirement is not mandated by statute or a jurisdictional prerequisite, see Lueth v. Beach, 498 F.3d 795, 797 n.3 (8th Cir. 2007), it is designed to serve several purposes including:
>
>> (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.
>
> Mason v. Ciccone, 531 F.2d 867, 870 (8th Cir. 1976) (citing McKart v. United States, 395 U.S. 185, 194-195 (1969)).
>
> The BOP has a four-step administrative process for resolving inmate grievances: (1) an attempt at informal resolution with prison staff; (2) submission of a formal grievance to the Warden, on form BP-9, delivered to the institution staff member designated to it; (3) an appeal of an unfavorable Warden's decision to the appropriate Regional Director, on form BP-10; and (4) an appeal of an unfavorable Regional Director's decision to the General Counsel, on form BP-11. See 28 C.F.R. 542.13–542.18. Proper exhaustion of administrative remedies "'means using all steps that the agency holds out and doing so properly (so that the agency addresses the issues on the merits).'" Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)).

See Orasco v. Yates, 2022 WL 18027627, 2–3. There are, though, exceptions to the requirement. For instance, the requirement may be excused if exhaustion would be futile. See Lueth v. Beach, 498 F.3d 795 (8th Cir. 2007).

Here, it is undisputed that McHenry did not exhaust his administrative remedies before coming to federal court. In fact, he acknowledges that he did not exhaust his remedies before coming to federal court. The only question is whether his failure to do so should be excused and the merits of his claim addressed.

McHenry maintains that he attempted to exhaust his administrative remedies but had no success in even initiating the federal administrative process because he is currently in the custody of the ADC and has no way of accessing the federal process. His inability to even initiate the process is understandable because, as the BOP observes, he has no currently available administrative remedy. In support of that assertion, the BOP alleges, and the undersigned adopts in full, the following:

> ... a potential claim would not arise until McHenry is in BOP custody and a calculation of his sentence is performed. At present, there is no controversy to remedy. Further, because he is currently in the Arkansas Division of Correction, McHenry does not have access to BOP's administrative remedy process. He would have to initiate and complete that process prior to presenting a claim to this Court. Once he is discharged from the Arkansas Division of Correction and taken into BOP custody, he would have an administrative remedy available for any dispute regarding the execution of his sentence.

See Docket Entry 16 at CM/ECF 2.

Because McHenry does not have a currently available administrative remedy, this case is like Badger v. Bureau of Prisons, No. 2:19-cv-00140-DPM-JTK, 2020 WL 1873604 (E.D. Ark. March 5, 2020), report and recommendation adopted as modified, No. 2:19-cv-00140-DPM, 2020 WL 1873560 (Apr. 14, 2020). In that case, Badger, an ADC prisoner, filed a petition pursuant to 28 U.S.C. 2241 and challenged the BOP's computation of his yet-to-be-served federal sentence. United States Magistrate Judge Jerome T. Kearney found, inter alia, that the case presented no "controversy," finding the following:

> Were the Court to find exhaustion futile under these circumstances, the challenge remains premature. Under 18 U.S.C. 3585(a), a defendant's federal sentence begins when he "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." The BOP has authority under section 3585(b) to give a defendant credit towards the service of a term of imprisonment for time in detention not credited toward another sentence. However, such a credit must occur after the defendant begins his federal sentence, subject to administrative procedures promulgated by the BOP. The BOP has not made a determination denying Petitioner the sentence credit he believes he is entitled to receive. Instead, it asserts it will consider the credit once Badger is in its custody. Thus, at this time, no "controversy" exists on the issue, and as such, the undersigned would still recommend this action be dismissed, without prejudice, to Petitioner's right to file if and when the BOP actually denies him the credit on his federal sentence he believes he is entitled to receive.

See Id., 2020 WL 1873604, 4. United States District Judge D.P. Marshall Jr., adopted that part of Judge Kearney's report and recommendation, finding the following:

> ... the Court agrees that Badger's challenge is premature. When Badger enters BOP custody, the Bureau will compute the time remaining on his federal sentence. If Badger disagrees with that calculation, then he may exhaust his administrative remedies and file a petition for a writ of habeas corpus in the appropriate Court at that time. But until that computation is completed, this challenge is premature. ...

See Id., 2020 WL 1873560, 1. See also Magers v. United States, No. 6:22-cv-488-JDK-JDL, 2024 WL 4834049, 2 (E.D. Tex. Oct. 2, 2024), report and recommendation adopted, No. 6:22-cv-488-JDK, 2024 WL 4834028 (E.D. Tex. Nov. 18, 2024).[1]

---

[1] In Magers, a district court found the following:

> As a matter of law, only the Attorney General, through the BOP, may compute a prisoner's federal sentence and determine what credit he should be given for time spent in custody before sentencing. [Citation omitted]. The United States Court of Appeals for the Fifth Circuit has held that until the Attorney General has calculated a sentence and determined what credit should be given for time spent in prior custody, a petition for writ of habeas corpus concerning this calculation does not present a case or controversy that is ripe for review. Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010). In Pierce, a prisoner who was in state custody at the time he filed his petition sought certain credit towards his federal sentence. But because the petitioner was not in federal custody, the BOP had not yet calculated his federal sentence. The court found that the district court did not have jurisdiction to rule on the merits of the unripe petition because the BOP had not made a final determination regarding the calculation of the federal sentence. Id.

11

Based on <u>Badger</u> and <u>Magers</u>, the undersigned finds that this case is premature. It does not present a controversy that is ripe for review. McHenry failed to exhaust his administrative remedies before coming to federal court, and he must do so, and can only do so, after he enters the custody of the BOP. This case is one in which exhaustion might produce meaningful findings and conclusions. Exhaustion will also further the goals of developing the necessary factual background and allow the BOP to exercise its administrative expertise and discretionary authority.

After McHenry enters the custody of the BOP, the BOP will compute the time remaining on his federal sentence. If McHenry disagrees with the calculation, and only after he exhausts his administrative remedies, he may challenge the calculation by means of a petition for writ of habeas corpus.

<u>Recommendation</u>. Given the foregoing, the undersigned recommends that this case be dismissed without prejudice. All requested relief should be denied, and judgment should be entered for the BOP.

DATED this 6th day of November, 2025.

_____
UNITED STATES MAGISTRATE JUDGE